UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NIYARETH BARDALES,

    Plaintiff,

v.                                                    Case No. 8:11-cv-1862-T-24 EAJ

COOPERATIVA DE SEGUROS
MULTIPLES DE PUERTO RICO,

    Defendant.
_____/

# ORDER

This cause comes before the Court on Plaintiff's Motion to Strike Affirmative Defenses. (Doc. No. 9). Defendant opposes the motion. (Doc. No. 11). As explained below, the motion is granted, but Defendant shall be given leave to amend.

## I. Background

Plaintiff filed suit against Defendant insurance company for failing to pay her property insurance claim regarding sinkhole damage. (Doc. No. 1). In response, Defendant filed an answer and affirmative defenses, and then nine days later, Defendant filed an amended answer and affirmative defenses. (Doc. No. 6, 7). Thereafter, Plaintiff filed the instant motion to strike Defendant's Third, Fourth, and Fifth Affirmative Defenses. (Doc. No. 9).

Defendant responded to the instant motion by stating that it had filed a second amended answer and affirmative defenses and requested that the Court deny Plaintiff's motion to strike. (Doc. No. 11, 12). Because Defendant did not seek leave of court or indicate that Plaintiff consented to the amendment, the Court asked Plaintiff to inform the Court whether she opposed the amendment. (Doc. No. 13). Plaintiff responded that she opposed the amendment.

**II. Standard of Review**

Federal Rule of Civil Procedure 12(f) provides that the Court can order that "any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. However, "[a] motion to strike will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" Scelta v. Delicatessen Support Services, Inc., 57 F. Supp.2d 1327, 1347 (M.D. Fla. 1999)(quoting Seibel v. Society Lease, Inc., 969 F. Supp. 713, 715 (M.D. Fla. 1997)).

**III. Motion to Strike Affirmative Defenses**

Plaintiff moves to strike Defendant's Third, Fourth, and Fifth Affirmative Defenses. Accordingly, the Court will analyze each affirmative defense.

**A. Third Affirmative Defense**

In Defendant's Third Affirmative Defense, Defendant alleges that Plaintiff has not presented a claim for a covered loss because she failed to promptly notify Defendant of the claim. Specifically, Defendant contends that the property damage appears to have been present for a long period of time prior to the date that Plaintiff notified Defendant of the loss. In support of its contention that there is no coverage due to Plaintiff's failure to give prompt notice of the loss, Defendant cites to various notice provisions within the policy, many of which appear to be inapplicable.

Plaintiff moves to strike this affirmative defense for two reasons. First, Plaintiff points out that Defendant does not specifically identify which notice provision(s) she allegedly failed to comply with. Second, Plaintiff argues that Defendant is required to explain how it was prejudiced by her alleged failure to give prompt notice, and Defendant has failed to do so.

With respect to the identification of the specific notice provision(s) Plaintiff allegedly failed to comply with, Defendant attempted to cure this deficiency within the purported second amended answer and affirmative defenses. In that filing, Defendant identified the provisions at issue as: (1) her failing to give Defendant prompt notice of the loss, and (2) her failure to repair the property to protect it from further damage. Additionally, in that filing, Defendant provides additional facts to support its contention that Plaintiff failed to comply with these requirements. Therefore, the Court will allow Defendant to amend this affirmative defense to specify the notice and repair provisions at issue in the same manner that it did in the purported second amended answer and affirmative defenses.

With respect to the lack of explanation regarding prejudice, Plaintiff is correct that the policy provision at issue requires that Defendant be prejudiced before coverage can be denied. Specifically, the provision states that Defendant has "no duty to provide coverage under this policy if the failure to comply with the following duties [regarding prompt notice and repairing the property to protect it from further damage] is prejudicial to [Defendant]." Thus, the Court agrees that this affirmative defense is lacking any specific allegations of prejudice.

Accordingly, the Court grants Plaintiff's motion to strike this affirmative defense. However, the Court will grant Defendant leave to amend it in order to: (1) specifically identify the notice and repair provisions that Plaintiff allegedly failed to comply with, and (2) explain how it was prejudiced by Plaintiff's alleged failure to give prompt notice and repair the property.

### B. Fourth Affirmative Defense

In Defendant's Fourth Affirmative Defense, Defendant alleges that Plaintiff has failed to comply with the policy provision that states that Plaintiff cannot bring an action against

3

Defendant unless there has been full compliance with all of the terms under Section I of the policy, and the action is started within two years of the date of the loss.  Plaintiff moves to strike this affirmative defense, because Defendant does not explain how she failed to comply with this provision.  The Court agrees, as it is unclear whether Defendant contends that Plaintiff failed to comply with this provision by failing to give prompt notice and to make the necessary repairs (as described in the Third Affirmative Defense) and/or by failing to start the action within two years of the date of loss.  Accordingly, the Court grants Plaintiff's motion to strike this affirmative defense.  However, the Court will grant Defendant leave to amend it in order to explain how Plaintiff allegedly failed to comply with this policy provision.

### C.  Fifth Affirmative Defense

In Defendant's Fifth Affirmative Defense, Defendant alleges that Plaintiff has not complied with the policy's condition precedent that she enter into a contract for the performance of building stabilization or foundation repair in order for there to be coverage under the policy.  Plaintiff moves to strike this affirmative defense as legally insufficient, because the policy provision at issue does not contain such a requirement in order for there to be coverage.  Instead, Plaintiff points out that the policy provision states that Defendant "will pay no more than the actual cash value of the damaged property . . . until you enter into a contract for the performance of building stabilization or foundation repairs."  Thus, Plaintiff argues that Defendant is still required to pay up to the actual value of the damaged property even if she has not yet entered into a contract for the performance of building stabilization or foundation repairs.

Upon consideration, the Court will grant the motion to strike this affirmative defense.  However, the Court will allow Defendant leave to amend it in order to specify that it is asserting

that it not required to pay more than the actual cash value of the damaged property, because Plaintiff allegedly failed to enter into a contract for the performance of building stabilization or foundation repairs.

## IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion to Strike Affirmative Defenses (Doc. No. 9) is **GRANTED**.  However, the Court will allow Defendant leave to amend its Third, Fourth, and Fifth Affirmative Defenses in order to correct the deficiencies described in this order.  Defendant is directed to file its amended answer and affirmative defenses by November 1, 2011.

**DONE AND ORDERED** at Tampa, Florida, this 25th day of October, 2011.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record